# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MARTINEZ, | CASE NO. 1:08-cv-00711-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| WARDEN, et al., | (Doc. 10) |
| Defendants. | |

**I.     Screening Order**

Plaintiff Shawn Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 5, 2008, plaintiffs Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams, Robert Armendariz and William Nible filed a complaint in Case No. 1:08-cv-00627 LJO DLB PC.  On May 21, 2008, the Court issued an order severing the claims so that each plaintiff is to proceed separately in his own action.  Each plaintiff was ordered to file an amended complaint in his own action.  Plaintiff Shawn Martinez is proceeding in this action bearing Case No. 1:08-cv-00711 LJO DLB PC.  On July 14, 2008, Plaintiff filed a first amended complaint ("FAC").  (Doc. 10.)  Plaintiff's first amended complaint is presently before the Court for screening.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
2  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
3  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
4  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
5  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
6  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
7  1915(e)(2)(B)(ii).
8      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
9  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534
10 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
11 short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.
12 Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the
13 plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court
14 may dismiss a complaint only if it is clear that no relief could be granted under any set of facts
15 that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a
16 plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support
17 the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and
18 unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting
19 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171
20 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .
21 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).

22      **B.   Plaintiff's Amended Complaint and Linkage Requirement**

23      The allegations contained in the FAC continually refer to "all plaintiffs" and "Plaintiffs".
24 Upon cursory review, the Court cannot determine which claims are those of Plaintiff Martinez.
25 Plaintiff is again reminded that this is his action only and in filing his Second Amended
26 Complaint, he must limit his complaint to his own claims, and not those of other inmates.
27      Plaintiff's allegations also fail to sufficiently link the named defendants to a federal
28 violation.  Plaintiff is reminded of the linkage requirement for section 1983 claims.  The Civil

2

Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has also filed over twenty pages of exhibits with his FAC, many of which appear to refer only to Inmate Nible. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

**II.     Conclusion**

Plaintiff fails to state any cognizable claims under section 1983.  For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with leave to file a second amended complaint within thirty days.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227

1  (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
2  involved.  There can be no liability under section 1983 unless there is some affirmative link or
3  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423
4  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
5  F.2d 740, 743 (9th Cir. 1978).

6       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
7  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
8  rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the
9  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
10 ."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

11      Plaintiff is further advised that an amended complaint supercedes the original complaint,
12 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
13 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
14 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
15 original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
16 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
17 Forsyth, 114 F.3d at 1474.

18      Based on the foregoing, it is HEREBY ORDERED that:

19     1.    Plaintiff's first amended complaint is dismissed, with leave to amend;

20     2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

21     3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file a
22         second amended complaint curing the deficiencies identified by the Court in this
23         order;

24     4.    Plaintiff may not add any new, unrelated claims to this action via his amended
25         complaint and any attempt to do so will result in an order striking the amended
26         complaint;

27     5.    If Plaintiff does not wish to pursue this action, Plaintiff may file a notice of
28         voluntary dismissal within **thirty (30) days** from the date of service of this order;

and

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 26, 2009**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE