# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN MARTINEZ, | CASE NO. 1:08-cv-00711 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER |
| WARDEN, et al., | SECTION 1983 |
| Defendants. | (Doc. 15) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.     Background**

Plaintiff Shawn Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 5, 2008, Ricky Reyes, Raymond Glass, Shawn Martinez, Jean-Paul Williams, Robert Armendariz and William Nible filed a civil rights action bearing Case No. 1:08-cv-00627 LJO DLB PC. On May 21, 2008, the Court issued an order severing the claims and ordering each plaintiff to proceed separately in his own action. Each plaintiff was ordered to file an amended complaint in his own action. Plaintiff Shawn Martinez is proceeding in this action bearing Case No. 1:08-cv-00711 LJO DLB PC.  Plaintiff filed a First Amended Complaint on July 14, 2008.  On February 27, 2009, this Court issued an order dismissing the First Amended Complaint, with leave to amend.  Plaintiff filed a Second Amended Complaint on April 30, 2009.

///

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## III.   Plaintiff's Claims

Plaintiff is currently housed at High Desert State Prison. The events at issue in this action allegedly occurred at Kern Valley State Prison. Plaintiff names Warden Hedgpeth, Appeals Coordinator Gricewich, Appeals Coordinator C. Pfieffer, Librarians Spray and Christensen, Senior Librarian Olsen, Chief of Inmate Appeals N. Grannis, Captain Doran, and Correctional Officer Garza as defendants.

### A.   Access to the Courts

Plaintiff alleges that defendants Spray, Doran, Olsen, Christensen, Hedgpeth and Garza have each violated his rights under the United States Constitution by denying him meaningful access to the courts in order to petition the government for redress. Plaintiff contends that he has been deprived access to the law library and that the legal materials available are not current.

1   Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

2   U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate

3   wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.

4   Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate

5   effectively once in court. Id.

6   Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries

7   and legal assistance programs are only the means of ensuring access to the courts. Id. Because

8   inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate

9   cannot establish relevant actual injury by establishing that his prison's law library or legal assistance

10  program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or

11  denial of access to the courts must show that he suffered an actual injury. Id.

12  Plaintiff contends that the library is not in compliance with Gilmore v. Lynch, 319 F.Supp.

13  105 (N.D.Cal. 1970). Gilmore v. Lynch involved a challenge to CDC regulations "restricting access

14  to law books, legal materials, and lay assistance in preparing filings." Gilmore v. People, 220 F.3d

15  987, 992 (9th Cir. 2000). In 1972, the court approved regulations proposed by CDC offering a more

16  comprehensive list of materials and ordered their adoption. Gilmore v. People, 220 F.3d at 994. In

17  1997, CDC officials sought to terminate the 1972 order. Id. at 994-95.

18  Gilmore v. Lynch was decided long before Casey v. Lewis, and the continued viability of the

19  order in Gilmore v. Lynch was one of the issues that was remanded to the district court to consider.

20  Gilmore v. People, 220 F.3d at 1008-10. Regardless, "remedial orders . . . do not create 'rights,

21  privileges or immunities secured by the Constitution and the laws' of the United States." Hart v.

22  Cambra, No. C 96-0924 SI, 1997 WL 564059, *5 (N.D. Cal. Aug. 22, 1997) (quoting Green v.

23  McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986). Thus, Plaintiff's allegations that the library at

24  Kern Valley State Prison is inadequate do not give rise to a claim for relief for denial of access to

25  the courts.

26  Plaintiff also alleges a violation of the California Constitution. The discussion of Plaintiff's

27  federal constitutional claim resolves both the federal and state constitutional claims. Los Angeles

28  County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v. Superior Court, 132

3

1  Cal.Rptr. 405, 410 n. 3 (1976) (the California Constitution provides the same basic guarantee as the

2  Fourteenth Amendment of the United States Constitution)).

3        The deficiencies with Plaintiff's claim are not curable through amendment and the Court

4  recommends its dismissal.

5        **B.      Inmate Appeals Process**

6        Plaintiff alleges that defendants Appeals Coordinators C. Pfeiffer and B. Gricewich illegally

7  and fraudulently screened out his appeals, and that defendant Chief of Inmate Appeals N. Grannis

8  continues to deny Plaintiff his rights.

9        The Due Process Clause protects against the deprivation of liberty without due process of

10  law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the

11  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

12  for which the protection is sought. Id.  Liberty interests may arise from the Due Process Clause itself

13  or from state law. Id.  Liberty interests created by state law are "generally limited to freedom from

14  restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary

15  incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995); Myron v.

16  Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

17        Plaintiff's allegations concerning the appeals process and its deficiencies "[do] not present

18  the type of atypical, significant deprivation in which a State might conceivably create a liberty

19  interest."  Sandin, 515 U.S. at 484-86; Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no

20  liberty interest in processing of appeals because no entitlement to a specific grievance procedure);

21  Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no

22  liberty interest on prisoner).  Because Plaintiff does not have a liberty interest at stake with respect

23  to the inmate appeals process, Plaintiff's allegations do not give rise to a claim for relief under

24  section 1983 for violation of the Due Process Clause.  This claim is not curable through amendment,

25  and the Court recommends it be dismissed

26

27

28

1  **C.     Remaining Claims for Relief**

2          Plaintiff also alleges deliberate indifference[1] (presumably in violation of the Eighth

3  Amendment), as well as violations of Equal Protection and the Racketeer Influenced and Corrupt

4  Organizations Act.[2,3]  Plaintiff also contends that defendants have breached their oaths of office

5  under Article XX, Section 3 of the California Constitution, and Article VI, Section 3 of the United

6  States Constitution.

7          There are no factual bases to support Plaintiff's claims.  They are not cognizable.

8  **IV.    Conclusion and Recommendation**

9          For the reasons set forth herein, the Court finds that Plaintiff's complaint fails to state any

10  cognizable claims under section 1983.  Because the deficiencies are not capable of being cured

11  through amendment, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000), the Court HEREBY

12  RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim upon which

13  relief may be granted under section 1983.

14  _____

15          [1] "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." <u>Hudson v.</u>
    <u>McMillian</u>, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted).  Denial of law library access and
16  access to current legal materials do not constitute extreme deprivations.

17          [2] Equal protection claims arise when a charge is made that similarly situated individuals are treated
    differently without a rational relationship to a legitimate state purpose.  <u>See San Antonio School District v.</u>
18  <u>Rodriguez</u>, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause
    of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against
19  plaintiff or against a class of inmates which included plaintiff.  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564
    (2000) (equal protection claims may be brought by a "class of one");  <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d
20  736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v.</u>
    <u>Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985).  "A
21  plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the
    deprivation of his civil rights."  <u>Barren</u>, 152 F.3d at 1194.
22          Plaintiff has not alleged differential treatment, but rather inadequate law library access and materials to all
    inmates at Kern Valley State Prison.

23          [3]  The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961-1968 allows a
24  private citizen to sue to recover treble damages for injury "by reason of a violation of section 1962", which prohibits
    conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the
25  collection of an unlawful debt.  18 U.S.C. §1962.  A violation of section 1962(c) requires 1) conduct 2) of an
    enterprise 3) through a pattern 4) of racketeering activity.  <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S.479, 105 S. Ct.
26  3275, 3285, 87 L. Ed. 2d 346 (1985).  Furthermore, the plaintiff must actually be injured by the conduct which
    purportedly violates 18 U.S.C. §1962.  <u>Sedima</u> at 496.  Plaintiff alleges a violation of 18 U.S.C. 1962(c).
27          In pleading a RICO violation, the plaintiff must plead "enough facts to state a claim to relief that is
    plausible on its face...and [the facts] must be enough to raise a right to relief above the speculative level." <u>Bell</u>
28  <u>Atlantic v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  In the present case, although Plaintiff states that defendants
    violated 18 U.S.C.§1961, it is not even clear what the basis is for his allegation.

1    These Findings and Recommendations will be submitted to the United States District Judge

2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3 **days** after being served with these Findings and Recommendations, Plaintiff may file written

4 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

7 1153 (9th Cir. 1991).

8    IT IS SO ORDERED.

9  **Dated:    August 20, 2009              /s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE